UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| GEICO INDEMNITY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 13-231-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ZACHARY I. CRAWFORD, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff GEICO Indemnity Company filed this action seeking a declaration of its rights under a policy of insurance pursuant to 28 U.S.C. § 2201. [Record No. 1] The matter is pending for consideration of Defendants Devan Wiedeman's and Gregory Collins' Motions to Dismiss. [Record Nos. 15, 19] GEICO opposes the motion. [Record No. 22] For the reasons discussed below, the defendants' motions to dismiss will be denied.

**I.**

This action arises out a motor vehicle accident occurring on May 12, 2013, in Madison County, Kentucky. [Record No. 1, p. 5] At the time of the accident, Defendant Zachary Crawford was driving a 2002 Jeep Grand Cherokee Limited ("Jeep") owned by Defendant Linda Bellaw, while Defendant Wiedeman was a passenger in the vehicle. Defendant Collins was driving another automobile involved in the accident. [Record Nos. 16, pp. 3-4, 20-1] Defendants Wiedeman and Collins allegedly sustained severe injuries because of the accident. [Record Nos. 15-2, p. 2, 19-2, p. 2]

Wiedeman and Collins sued Crawford in state court, alleging that Crawford caused the accident and their resulting injuries. [Record Nos. 15-3, 19-2] At the time of the accident, Crawford was insured by Defendant Hamilton Mutual Insurance Company. [Record No 1, p. 7] Defendant Linda Bellaw was insured by GEICO as the named insured. [Record No. 1-1, pp. 3, 5] The policy contains language allowing coverage for permissive users. It provides:

> [A]ny other person who is using the auto with your permission [will be covered] but only if such a person is not insured by any other vehicle liability insurance policy, a self-insurance liability program, or a liability bond while using the auto.

[*Id.*, p. 4]

Linda Bellaw's daughter, Defendant Jennifer Bellaw, was listed as an additional driver and the Jeep is listed as a covered vehicle in the policy.[1] [*Id.*, p. 5] The defendants contend that Jennifer Bellaw was a resident of Kentucky for five years and that the Jeep was principally located in Kentucky during that period. [Record No. 16, p. 3] GEICO initiated this action on July 24, 2013. [Record No. 1] It seeks a declaration that it has no duty to defend or indemnify Crawford for any liability claims against him arising from the accident. [Record No. 1, p. 8] The defendants claim that Crawford is covered under the permissive driver clause of the policy.

## II.

The defendants assert that the Court should decline to exercise jurisdiction because it would be more appropriate for the state court to decide the issues in this litigation. [*See* Record Nos. 15, 19.] The Federal Declaratory Judgment Act allows federal courts to declare the rights of parties regarding any actual controversy within its jurisdiction. 28 U.S.C. § 2201(a). The

---

[1] Defendants Jennifer and Linda Bellaw have been served with process but have not appeared in this action.

Supreme Court has stated that, when a simultaneous state court claim has been filed, a district court has the ability to hear an action under the Declaratory Judgment Act but it is not compelled to exercise jurisdiction. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494-95 (1942). However, the mere existence of a state court proceeding is not determinative. *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1067 (6th Cir. 1987). The act confers on federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

The defendants claim that the Court should decline to exercise jurisdiction under the reasoning of *Bituminous Casualty Corporation v. J&L Lumber Company, Inc.*, 373 F.3d 807, 812-13 (6th Cir. 2004), and *Grange Mutual Casualty Company v. Safeco Insurance Company Of America*, 565 F. Supp. 2d 779 (E.D. Ky. 2008). GEICO argues that the defendants' reliance on these decisions is misplaced. Instead, it asserts that the multi-factor test and holding set out in *Grand Trunk Western Railroad Company v. Consolidated Rail Corporation*, 746 F.2d 323, 326 (6th Cir. 1984), supports the exercise of jurisdiction over the claims asserted.

While the Sixth Circuit has held that district courts do not abuse their discretion by exercising declaratory jurisdiction regarding insurance matters, it has indicated numerous times that state courts are preferred venues due to their ability to handle ancillary indemnity issues that may arise. *See Travelers Indem. Co, v. Bowling Green Prof'l Assoc., PLC*, 495 F.3d 266, 273 (6th Cir. 2007) ("[W]e have held on a number of occasions that a district court should stay or dismiss complaints filed by insurance companies seeking a declaratory judgment as to their underlying state court lawsuits.); *Manley, Bennet, McDonald & Co. v. St. Paul Fire & Marine*

*Ins. Co.*, 791 F.2d 460, 463 (6th Cir. 2004) (holding that declaratory judgment actions that seek an advance opinion on issues of indemnity are seldom helpful in resolving the underlying state action); *Bituminous Casualty*, 373 F.3d at 816–17 (questioning the need for declaratory judgment actions when the question is one of state law and there is no suggestion that the state court is not able to define its own law in a fair way). Such an approach is reasonable because federal courts are rarely in a better position to resolve issues of state insurance laws that are tied to state policy. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 561 (6th Cir. 2008) (holding that questions about state insurance law "implicate . . . important state policies").

The Sixth Circuit has generally considered five factors in determining whether a court should exercise jurisdiction in such matters. These factors, known as the *Grand Truck* test, are:

(1) whether the declaratory action would settle the controversy;

(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata;"

(4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and

(5) whether there is an alternative remedy which is better or more effective.

*Grand Trunk*, 746 F.2d at 326; *see also Scottsdale Ins.*, 513 F.3d at 554 (6th Cir. 2008) (applying the *Grand Trunk* factors in determining whether the district court properly exercised discretion); *Travelers* 495 F.3d at 271 (same); *Bituminous Casualty*, 373 F.3d at 812-13 (same); *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000) (same).

## A. Settlement of the Controversy and Clarifying the Legal Relations

Because the first two factors are closely related, the Court will consider them together. *See Scottsdale Ins.*, 513 F.3d at 557. The defendants argue that the Court's decision would not settle the controversy because it would unnecessarily force the defendants to engage in litigation in two separate courts. This would effectively delay compensation to the injured parties. [Record No. 15-1, p. 10] GEICO disagrees. It asserts that the declaratory judgment will resolve the issue of whether the policy provides liability coverage for Crawford. [Record No. 22, p. 5]

There is a split of authority within the Sixth Circuit regarding the interpretation of the first *Grand Truck* factor. The court has held that it is sufficient if the declaratory judgment only answers the question regarding insurance coverage as opposed to the ultimate controversy. *See Allstate*, 825 F.2d at 1066 ("The grant of declaratory relief in insurance coverage cases undoubtedly settles the controversy over the insurer's liability to provide a defense for and/or indemnify its insured, thus clarifying the legal relations in issue."). However, a different approach was taken in *Travelers* where the Sixth Circuit held that declaratory judgment will not satisfy the first *Grand Trunk* factor unless it settles the *underlying* controversy. 495 F.3d at 272; *see also U. S. Fire Ins. Co. v. Albex Aluminum, Inc.*, 161 F. App'x. 562, 564-65 (6th Cir. 2006) (unpublished); *Bituminous Casualty*, 373 F.3d at 814.

In *Scottsdale Ins.*, the Sixth Circuit attempted to harmonize these holdings. *Scottsdale Ins.* instructs lower courts to consider: (i) whether the parties in the state action – but not joined in the federal proceeding – would be bound by the federal court decision; (ii) whether the issues presented in the federal matter would require a court to inquire into questions being developed

in state court through discovery; and (iii) whether the coverage issue is before the state court. *See Scottsdale Ins.*, 513 F.3d at 555-56. GEICO asserts that, because this action relates only to the scope of the coverage for Crawford, it does not impact tort liability in the underlying state action. [Record No. 22, p. 5] Therefore, it contends that this action will only answer the specific question it raises (*i.e.*, the scope of coverage).

Here, there is no concern that issuance of a declaratory judgment will not be binding on the parties because all the parties to the state action — except GEICO — are parties to this action. Therefore, this Court's decision will be binding on the all the parties to the state action, which distinguishes this case from *Bituminous Casualty*. *Bituminous Casualty*, 373 F.3d at 814. The defendants contend that the alleged Kentucky residency of Jennifer Bellaw and the location of the Jeep constitute genuine issues of material fact that are being developed through discovery in the state proceeding. However, the issues before the state court involve the nature of the accident, who is at fault, and the potential liability of the parties as opposed to the scope of coverage of GEICO's contract. The issues before this Court will not require delving into matter currently being developed by discovery in the state action. This Court's decision will address the controversy regarding the scope of GEICO's coverage – an issue that has not been presented to the state court for resolution.

The Sixth Circuit has stated that when a court's disposition "resolved all controversies between [the parties] because the only controversy between them regarded the scope of the insurance policy," the first factor points towards exercising jurisdiction. *Scottsdale*, 513 F.3d at 556. The determination of the motion for summary judgment pending in this case will not

require the Court to look at matters being decided in state court and will not risk inconsistent rulings. *State Farm Fire & Cas. Co. v. Harris*, No. 11-36-DCR, 2012 WL 896253, at *2-3 (E.D. Ky. Mar. 15, 2012). This Court has held previously that when a declaratory judgment would not interfere with state court matters and when there is no risk of inconsistent rulings, jurisdiction is properly exercised. *Id.* Thus, the first factor weighs in favor of exercising jurisdiction.

Regarding the second factor of whether the action will clarify the legal relations present, an order from this Court would clarify that Crawford is or is not covered by GEICO's policy. This would provide a resolution to the discrete controversy presented. *Scottsdale Ins.*, 513 F.3d at 557 ("While the parties may have other tortious or contractual relationships to clarify in state court, [the Court's] concern in considering the second *Grand Trunk* factor in such cases is with the ability of the federal declaratory judgment to resolve, once and finally, the question of the insurance indemnity obligation of the insurer."). Thus, the first two factors weigh in favor of exercising jurisdiction.

### B. Race for *Res Judicata*

The third factor is intended to prevent parties from improperly using federal jurisdiction simply to gain a more favorable forum. The defendants argue that GEICO's actions are improper because they filed this action a few months after the underlying accident and their "blind ignorance" of the lack of Kentucky law supporting their argument. [Record No. 15-1, p. 9] However, the defendants have not produced evidence demonstrating that GEICO is trying to acquire a favorable forum by filing this action. Courts have been "reluctant to impute an improper motive . . . where there is no evidence of such in the record." *Scottsdale*, 513 F.3d at

558. A bad motive will not be imputed to the party seeking declaratory judgment without evidence. *Travelers*, 495 F.3d at 272. Without more than the assertions presented by the defendants, an improper motive will not be attributed to GEICO.

Actions seeking a declaration of the rights of parties "should not be refused, because of the pendency of another suit if the controversy between the parties will not necessarily be determined in that suit." *Am States Ins. Co. V. D'atri*, 375 F.2d 761, 763 (6th Cir. 1967). As noted above, the present controversy will not be necessarily determined in the state action. A district court should not deny jurisdiction when a plaintiff has not "done any more than choose the jurisdiction of federal rather than state court, a choice given by Congress." *State Farm Fire and Cas. Co. v. Odom*, 799 F.2d 247, 250 n. 1. (6th Cir. 1986). This factor weighs in favor of the Court exercising jurisdiction over GEICO's claim.

### C. Increased Friction Between Federal and State Courts

In determining whether its exercise of jurisdiction would increase friction with state courts, the federal court should evaluate whether:

(1) the underlying factual issues are important to an informed resolution of the case;

(2) the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(3) there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Scottsdale Ins.*, 513 F.3d at 560. The Sixth Circuit has interpreted the first of these sub-factors as focusing on "whether the state court's resolution of the factual issues in the case is necessary for the district court's resolution of the declaratory judgment action." *Id*.

When the liability issues central to the state court proceeding are distinct from those central to the federal court proceeding, federal jurisdiction is appropriate. However, when "the issue raised in federal court will require . . . factual findings that might conflict with similar findings made by the state court[,]" the court should decline to exercise jurisdiction. *Id*. This dispute involves an issue of law regarding the applicability of an insurance contract which will not require the Court to make factual findings that might conflict with the state court's determination of Crawford's negligence. Thus, this sub-factor weighs in favor of exercising jurisdiction.

When the insurer is not a party to the state action "a decision of the district court would not offend the principles of comity." *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003). Again, GEICO is not a party to the state action and the extent of the policy is not at issue in that court. This Court is able to determine the issue of the scope of coverage and the determination of this issue will not need to await the resolution of factual issues in the state action. *Id*. Therefore, the second sub-factor weighs in favor of exercising jurisdiction.

The third sub-factor looks at whether the issue implicates important state policies. The Sixth Circuit has noted that states are generally better able to resolve insurance issues because they: (i) are more familiar with their respective state laws and regulations; (ii) regulate the

insurance companies for the benefit of their citizens; and (iii) are better at identifying and enforcing the policies subject to state regulations. *Scottsdale Ins.*, 513 F.3d at 561 (citing *Bituminous Casualty* 373 F.3d at 815). There is a close nexus between the issues in this case (*i.e.*, insurance coverage and questions of state policy). Further, the issues presented implicates important state policies regarding insurance contracts that benefit Kentucky citizens. However, the extent of the coverage of the policy is distinct from the issues present in the state court and the Court will not be required to evaluate issues being developed in state court. Therefore, the fourth factor also weighs in favor of exercising jurisdiction.

**D.     Availability of Alternative Remedy**

Kentucky law provides an alternative remedy to a declaratory judgment in federal court. *See* KRS § 418.040. That statute allows a declaration of rights in state court, which GEICO could have filed. The Sixth Circuit is divided concerning whether a state court remedy is better or more effective than a federal declaratory judgment. *Scottsdale Ins.*, 513 F.3d at 562 ("[O]ur precedent is split regarding whether the possibility of seeking a declaratory judgment or an indemnity action in state court counsels against the district court exercising jurisdiction.")

Again, as a general rule, state courts are better situated to decide insurance issues under state law. *Scottsdale Ins.*, 513 F.3d at 561; *Travelers*, 495 F.3d at 272. Further, declaratory judgment actions seeking an advance opinion on indemnity issues "'should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem.'" *Bituminous Casualty*, 373 F.3d at 812 (quoting *Manley, Bennett, McDonald & Co.*, 791 F.2d at 463). There is no reason to believe that the state court will not apply its own law in

a fair way. *Bituminous Casualty*, 373 F.3d at 816-17. This factor weighs against exercising jurisdiction.

## III.

After fully considering all relevant considerations, this Court finds that exercising jurisdiction in this matter is appropriate. Four of the five factors weigh in favor of exercising jurisdiction while one factor weighs against it. Although, the dispute does raise questions of state law, this Court is a suitable forum to resolve the issue of coverage of the policy. GEICO has made a case for this Court to use its time and resources to resolve a narrow piece of an ongoing state dispute to which it is not a party. Policy considerations favor unified litigation in one court over split litigation for separate claims in separate courts. However, this Court is capable of resolving the singular issue presented.

Accordingly, it is hereby

**ORDERED** that Defendant Devan Wiedeman's and Defendant Collins' Motions to Dismiss [Record Nos. 15, 19] are **DENIED**.

This 14th day of January, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge