UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| GEICO INDEMNITY COMPANY, | ) | |
| Plaintiff, | ) | Civil Action No. 5: 13-231-DCR |
| V. | ) | |
| ZACHARY I. CRAWFORD, et al., | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendants Hamilton Mutual Insurance Company ("Hamilton") and Zachary Crawford's motion to alter or amend the summary judgment entered in favor of Plaintiff GEICO Indemnity Company. [Record No. 39] For the reasons set forth below, the motion will be denied.

**I.**

This action arises out of an automobile accident in Madison County, Kentucky. [Record No. 1, p. 5] At the time of the accident, Defendant Crawford was driving a 2002 Jeep Grand Cherokee Limited ("Jeep") owned by Defendant Linda Bellaw. Defendant Devan Wiedeman was a passenger in the Jeep. Defendant Gregory Collins was driving another automobile involved in the accident. [Record No. 16, pp. 3-4; Record No. 20-1]

Wiedeman and Collins sued Crawford in state court, alleging that Crawford caused the accident and their resulting injuries. [Record Nos. 15-3, 19-2] At the time of the accident, Crawford was insured by Hamilton. [Record No 1, p. 7] Bellaw, an Ohio resident, was the

named insured on a policy issued by GEICO. [Record No. 1-1, pp. 3, 5] The policy contains an escape clause allowing coverage for permissive users. The clause states:

> [A]ny other person who is using the auto with your permission [will be covered] but only if such a person is not insured by any other vehicle liability insurance policy, a self-insurance liability program, or a liability bond while using the auto.

[*Id.*, p. 4] The policy also contains a choice-of-law provision stating that "[t]he policy and any amendment(s) and endorsement(s) are to be interpreted pursuant to the laws of the state of Ohio." [Record No. 1-1, p. 16]

GEICO filed this action seeking a declaratory judgment under 28 U.S.C. § 2201. [Record No. 1] It then moved for a judgment on the pleadings or alternatively for summary judgment which the Court granted. [Record Nos. 14, 38] In the Memorandum Opinion and Order granting GEICO's motion, the Court held that the clause was an unenforceable standard escape clause [*See* Record No. 37.] However, the Court further determined that Kentucky's public policy on the issue was not sufficiently clear and strongly stated to require the application of Kentucky law. [*Id.*] The Court also concluded that Ohio law controlled the interpretation and application of the policy under a traditional choice-of-law analysis, rendering the escape clause applicable. [*Id.*] Thus, GEICO did not have a duty to defend, indemnify, or cover Crawford for claims of bodily injury or property damage arising from the motor vehicle accident. [*Id.*]

In their current motion, Crawford and Hamilton argue that the Court erred by finding that the standard escape clause did not require application of Kentucky law. [Record No. 39, p. 5] They claim that there is a clear and certain statement of strong public policy concerning standard escape clauses requiring the Court to disregard the traditional choice-of-law analysis and apply

Kentucky law under the public policy exception. [*Id.*, p. 5] They also contend that the Court erred in finding that Ohio law controlled the application and interpretation of the policy. [*Id.*, p. 10] Finally, they assert that the Court should certify the question regarding the public policy exception to the Supreme Court of Kentucky because the matter involves unsettled state law. [*Id.*, p. 11] The Court previously denied the request for certification to the Supreme Court of Kentucky. [Record No. 44]

## II.

Motions to reconsider under Rule 60(b) give an "opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *United States v. Davis*, 939 F. Supp. 810, 812 (D. Kan. 1996). Rule 60(b) motions fall within the sound discretion of the district court. *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir. 1999). Such motions seek extraordinary judicial relief and should be granted only upon a showing of exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000) (citing *Dickerson v. Bd. of Educ. of Ford Heights*, 32 F.3d 1114, 1116 (7th Cir. 1994)).

## III.

### A. Public Policy Exception

Crawford and Hamilton argue that the Court erred in concluding that, while the escape clause was standard, it did not require application of the public policy exception to the traditional choice-of-law analysis. [Record No. 39, p. 5] They claim that case law demonstrates a clear and

certain statement of strong public policy against standard escape clauses, requiring application of Kentucky law. [*Id.*] Previously, the Court determined that the public policy exception to Kentucky's choice-of-law did not apply because there had not been a sufficient statement from the courts or legislature concerning standard escape clauses to apply the narrow exception. [Record No. 37, p. 10 (citing *State Farm Mut. Auto. Ins. Co. v. Hodgkiss-Warrick*, 413 S.W.3d 875, 880 (Ky. 2013)]

The defendants now assert that because the Court concluded that the escape clause would be unenforceable in Kentucky, it should apply Kentucky law. However, the Court addressed this argument earlier and determined that, "although a contract may not be enforceable in Kentucky, it does not mean that it is against public policy to enforce the contract if it is valid where it was made." [*Id.*, p. 9 (citing *Hodgkiss-Warrick*, 413 S.W.3d at 882)] The conclusion that the standard escape clause would be unenforceable in Kentucky does not mean that the public policy exception to the traditional choice-of-law analysis must be applied. Rather, there must be a "clear and certain statement of strong public policy," to utilize the public policy exception. *Hodgkiss-Warrick*, 413 S.W.3d at 880. The defendants attempt to differentiate the facts of *Hodgkiss-Warrick* from the present case by claiming that several parties in that matter were not Kentucky residents. [Record No. 39, p. 8] However, that difference does not change the holding of the case regarding the analysis to be applied in determining whether the limited public policy exception applies.

In seeking reconsideration, the defendants claim that the Sixth Circuit recognized that such clauses violate Kentucky public policy and, therefore, require application of Kentucky law.

[Record No. 39, p. 5 (citing *Great Am. Assur. Co. v. Am. Cas. Co. of Reading, Pa.*, 511 F. App'x 431 (6th Cir. 2013)] However, the defendants' reading of this case is incorrect. Rather, the Sixth Circuit recognized that "the public policy underlying other insurance exclusions in fire insurance policies is to prevent excessive insurance coverage, which in turn decreases the risk that individuals will burn down their houses for insurance proceeds." *Id.* at 435. This statement is simply not relevant to the public policy analysis in the Court's earlier Memorandum Opinion. While the Sixth Circuit may have mentioned that standard escape clauses are unenforceable in Kentucky (a conclusion this Court also reached), the Sixth Circuit's statement does not suffice as a clear and certain statement of strong public policy concerning the facts of this matter.

The defendants also cite *Ohio Casualty Insurance Company v. State Farm Mutual Automobile Insurance Company*, in support of their argument. 511 S.W.2d 671 (Ky. 1974). But in that matter, the Kentucky Court of Appeals did not mentioned public policy and only concluded that standard escape clauses are unenforceable. *Id.* Similarly, *Great American Insurance Company v. Lawyers Mutual Insurance Company of Kentucky* makes no such clear and certain statement of a strong public policy. 492 F. Supp. 2d 709 (W.D. Ky. 2007). While the court noted that "[s]uch clauses are viewed as contrary to public policy," no citation to authority or further analysis was provided. *Great Am. Ins. Co.*, 492 F. Supp. 2d at 714. This is insufficient under the *Hodkiss-Warrick* standard which requires that courts do not establish public policy out of "supposed public interest, but rather something clearly expressed in applicable law." *Hodgkiss-Warrick*, 413 S.W.3d at 881. As a result, the Court's prior determination regarding this issue will not be disturbed.

The defendants next argue that the Court erred in analyzing the holding in *Kentucky Farm Bureau Mutual Insurance Company v. Shelter Mutual Insurance Company*, 326 S.W.3d 803 (Ky. 2010). The defendants claim that Court did not give the statements of public policy in *Shelter* enough weight. [Record No. 39, p. 6] Essentially, they attempt to reargue that the Kentucky Motor Vehicle Reparations Act ("MVRA"), along with *Shelter*, require the standard escape clause to be held invalid. The applicability of the MVRA and the *Shelter* opinion was briefed extensively and addressed by the Court previously. [Record No. 37, pp. 11-12] In fact, the defendants' current arguments are no different than the arguments made in their original brief. And they are no more persuasive now. [Record No. 18, pp. 9-11] Motions to reconsider are not intended to give a party unsatisfied with an earlier ruling another chance to reargue issues already considered and decided. *United States v. Combs*, No. 6: 04-54-DCR, 2012 WL 4460745, at *1 (E.D. Ky. Sept. 26, 2012). Simply put, "[i]t is not the function of a motion to reconsider arguments already considered and rejected by the court." *White v. Hitachi, Ltd.*, No. 3:04-CV-20, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (citation omitted).

To reiterate, the issue in *Shelter* involved two competing excess clauses both of which stated that they only provided excess insurance. *Shelter Mut. Ins. Co.*, 326 S.W.3d at 810. The *Shelter* Court held that the vehicle owner's policy would be primary when there are two competing, applicable excess clauses. *Id.* The Supreme Court of Kentucky adopted this bright-line rule in part because of the difficulty of resolving the issue. *Id.* at 810-11. As this Court previously held, the policy at issue here does not provide coverage. Thus, the rule in *Shelter* does not apply.

This is not a case involving two competing excess clauses that both attempt to avoid coverage. *Shelter* does not address standard escape clauses or include any choice-of-law analysis like the issues present in this matter. Moreover, *Shelter* does not require insurance contracts with standard escape clauses to provide coverage in contravention of the plain language of the policy. While the court in *Shelter* did opine generally about the legislative intent of the MVRA, courts are not to establish public policy exceptions from "general considerations of supposed public interest, but rather something that must be found clearly expressed in the applicable law." *Hodgkiss-Warrick*, 413 S.W.3d at 881. The defendants have not demonstrated a violation of public policy to satisfy this standard concerning standard escape clauses in *Shelter* or otherwise. Further, the MVRA does not require coverage or benefits when there is no contractual obligation to do so. *U.S. Fire Ins. Co. v. Kentucky Truck Sales, Inc.*, 786 F.2d 736, 740 (6th Cir. 1986).

As this Court determined previously, *Shelter* does not make "a clear and certain statement of strong public policy" to require application of Kentucky law under the limited public policy exception to invalidate an escape clause that was valid where it was made. [Record No. 37, pp. 11-12] "Where the terms of an insurance policy are clear and unambiguous, the policy will be enforced as written," and *Shelter* does not hold otherwise. *Kemper Nat. Ins. Companies v. Heaven Hill Distilleries, Inc.*, 82 S.W.3d 869, 873 (Ky. 2002) (citations omitted). The defendants attempt to reassert the same arguments they previously made in response to GEICO's motion. And for the same reasons addressed previously, the Court finds that *Shelter* is inapplicable to this matter.[1]

---

[1] Additionally, the defendants argue that the area of state law is unsettled. [Record No. 39, pp. 9-10] This argument undermines the assertion that the Court's earlier determination is clearly erroneous.

As stated in the Court's previous opinion, the fact that a contract may be unenforceable in Kentucky does require application of Kentucky law under the public policy exception. [Record No. 37, p. 9] *Shelter* is inapplicable for the reasons stated above. The mere presence of a standard escape clause will not render the traditional choice-of-law analysis invalid.

**B.     Choice-of-Law Analysis**

The defendants also argue that the Court erred in determining that Ohio law would apply under the traditional choice-of-law analysis. [Record No. 39, pp. 9-10] More specifically, the defendants claim that the Court erred in applying the choice-of-law provision because Kentucky has a "greater interest" in the issue. [*Id.*, p. 9] In making this assertion, the defendants are again reiterating the same arguments that were thoroughly briefed and addressed by the Court. [Record No. 18, p. 7] The Court previously concluded that the limit public policy exception to the choice-of-law analysis did not require application of Kentucky law. [Record No. 37, p. 11] After evaluating the requirements of Kentucky's choice-of-law rules, the Court determined that Ohio law should be applied. Because the escape clause was valid under Ohio law, GEICO has no duty to defend, indemnify, or cover Crawford for claims of bodily injury or property damage arising from the motor vehicle accident.

In determining that Ohio law applied to the interpretation and application of the policy, the Court first examined the traditional choice-of-law analysis set out in §§ 187 and 188 of the Restatement (Second) of Conflict of Laws. The Court determined that, because there was an express term in the contract that controls the issue being litigated, § 187 applied. [Record No. 37, pp. 4-5 (citing *Link-Belt Constr. Equip. Co., L.P. v. Road Mach. & Supplies Co.*, No.

10-103-KSF, 2011 U.S. Dist LEXIS 41404 (E.D. Ky. Apr. 15, 2011)] Thus, because the policy selected Ohio law, it governed the dispute. [*Id.*, p. 5]

The defendants argue that § 187 should not apply because Kentucky has a "greater interest" in the suit. [Record No. 39, pp. 9-10 (citing *Schnuerle v. Insight Commc'ns Co., L.P.*, 376 S.W.3d 561, 567 (Ky. 2012)] They assert that, because the court in *Schnuerle* did not adopt the test set out in § 187, it should no longer be applied under Kentucky choice-of-law analysis. [*Id.*, p. 10] While the court in *Schnuerle* did not utilize the § 187 test, it did not comment on its inapplicability and did not disapprove of its use. Additionally, the Sixth Circuit predicted that § 187 applies in Kentucky choice-of-law analysis in 2000 and the Supreme Court of Kentucky has never expressly stated that § 187 should not to be used. *Wallace Hardware Co., Inc v. Abrams*, 223 F.3d 382, 397-98 (6th Cir. 2000).

Regardless, the Court also applied the § 188 "most significant relationship test" – the same test used by the court in *Schnuerle* – and found that Ohio law would still apply. This test has been explicitly adopted in Kentucky. *Saleba v. Schrand*, 300 S.W.3d 177, 181 (Ky. 2009). As this Court noted, courts utilize § 193 of the Restatement for the interpretation of insurance contracts to supplement § 188 analysis. *Asher v. Unarco Material Handling, Inc.*, 737 F. Supp. 2d 662, 673 (E.D. Ky. 2010). Because the Court determined that the parties understood Ohio to be the principal location of insured risk during the terms of the policy, the Court concluded that Ohio law would apply. Restatement (Second) of Conflict of Laws § 193 (1971). Section 193 has also been expressly adopted in Kentucky. *Hodgkiss-Warrick*, 413 S.W.3d at 879. The defendants do not object to this finding.

Moreover, the Court also held that if there was no principal location of the risk, Ohio law would still apply under § 188. As the Court concluded, in insurance contract disputes, the state with the most significant relationship is the state of the named insured, regardless of where the injury occurred. [Record No. 37, p. 13 (citing *Cincinnati Ins. Co. v. Crossman Comtys. P'ship*, No. 05-470-KSF, 2008 U.S. Dist. LEXIS 25188 at *7-8 (E.D. Ky. Mar. 28, 2008))]. Because the "policies were brokered, placed, paid for and delivered in [Ohio]," the Court held that Ohio law applied. *Id.* The defendants have not advanced any argument indicating that the Court should hold otherwise. According to § 188, Ohio has the most significant contacts. Thus, under the traditional choice-of-law analysis, Ohio law would apply under both § 187 and § 188. The parties do not dispute that the policy is valid under Ohio law. Therefore, the defendants have not offered any reason to disturb this Court's Judgment under Rule 60(b). Ohio law applies to the interpretation and application of the policy. Under the subject policy, GEICO had no duty to defend, indemnify, or cover Crawford for claims of bodily injury or property damage arising from the motor vehicle accident.

**IV.**

Based on the foregoing reasoning and analysis, it is hereby

**ORDERED** that Defendants Hamilton Mutual Insurance Company and Zachary Crawford's motion to alter or amend [Record No. 39] is **DENIED**.

This 30th day of July, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge